UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAWAN VANZANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-04744-JRS-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Petitioner Dawan Vanzant filed this motion for relief pursuant to 28 U.S.C. § 2255 arguing that his conviction and sentence are illegal. For the reasons stated below, the motion for relief is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.*

### I. Preliminary Review

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Section 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Background

On September 6, 2017, Mr. Vanzant was charged with one count of robbery through interference with commerce by threats or violence in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery") and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Vanzant*, 1:17-cr-178-JRS-TAB-2 ("Cr. Dkt.") Dkt. 1. The crime of violence on which his charge of using a firearm related to was the Hobbs Act Robbery. Mr. Vanzant pleaded guilty to these counts and the Court entered Judgment on November 14, 2018. Cr. Dkt. 50. He was sentenced to a term of imprisonment of 130 months. *Id.*

Consistent with his plea agreement, Mr. Vanzant did not appeal. He then filed this motion for relief pursuant to § 2255.

## III. Discussion

In support of his motion for relief, Mr. Vanzant argues that his conviction for Hobbs Act Robbery cannot form the basis for his conviction under the Armed Career Criminal Act, 18 U.S.C. § 924(c), ("ACCA") for using a firearm during and in relation to a crime of violence.

Mr. Vanzant explains that the definition of Hobbs Act Robbery includes "conspiracy" to commit Hobbs Act Robbery, which some courts have held is not a crime of violence. He concludes, therefore, that because the definition of Hobbs Act Robbery includes acts that would not qualify as a crime of violence, his conviction for Hobbs Act Robbery also does not qualify as a crime of violence. He bases this argument on the Supreme Court's ruling in *Mathis v United States*, 136 S. Ct. 2243 (2016), that a prior conviction does not qualify as a violent felony offense for purposes of enhancement under the ACCA if an element of the crime of conviction is broader than an element of the generic offense. He argues that his counsel was ineffective for failure to present this argument.

But the Seventh Circuit has held that Hobbs Act robbery constitutes a crime of violence under the ACCA. *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 92[4](c)(3)(A)."); *see also United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017) (holding that the Supreme Court's decision in *Mathis*, does not undermine the holding of *Anglin* that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c)(3)). Moreover, Mr. Vanzant was convicted of Hobbs Act Robbery, not conspiracy to commit Hobbs Act Robbery. Cr. Dkt. 50.

Mr. Vanzant also argues that his Hobbs Act Robbery does not qualify as a "crime of violence" based on the Supreme Court's decision in *Davis v. United States*, 139 S. Ct. 2319 (2019), invalidating the so-called residual clause of § 924(c). Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often

referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause. In *Davis* the Supreme Court held that 18 U.S.C. § 924(c)(3)'s residual clause—that is, § 924(c)(3)(B)—was unconstitutionally vague. 139 S.Ct. at 2336; *see also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). However, Hobbs Act robbery, 18 U.S.C. § 1951(a) is a crime of violence under the still-valid "elements clause" of § 924(c)(3)(A). *See Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019); *United States v. Fox*, No. 18-3087, 2019 WL 5783473, at *2 (7th Cir. Nov. 6, 2019). Accordingly, the ruling in *Davis* regarding the residual clause does not apply to Mr. Vanzant's conviction.

In short, Mr. Vanzant is not entitled to relief under *Mathis* or *Davis*. Accordingly, his motion for relief pursuant to § 2255 must be dismissed.

### IV. Conclusion

For the reasons explained in this Order, Dawan Vanzant is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:17-cr-178-JRS-TAB-2.** The motion to vacate (Crim. Dkt. [73]) shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Vanzant has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/16/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAWAN VANZANT
15956-028
MCCREARY - USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635